JESSICA RUTZICK
Bar No. 6-3126
JESSICA RUTZICK & ASSOCIATES, P.C.
Post Office Box 1867
Wilson, WY 83014
(307) 733-8140
(307) 733-8139 (facsimile)
jrutzick@rutzicklaw.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 OCT 21   AM 11:18

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KHAN HOWARD JOHNSON, LLC ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action No. 20 CV-195-S |
| ) | |
| STATE FARM FIRE AND ) | |
| CASUALTY COMPANY ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, by and through counsel, and for its Complaint against State Farm Fire and Casualty Company, states and alleges as follows:

#### JURISDICTION

1. Plaintiff is a Wyoming limited liability company with its primary place of business in Campbell County, Wyoming and in the business of owning and operating the Howard Johnson Hotel in Gillette, Wyoming.

2. Defendant State Farm Fire and Casualty Company, (hereinafter "State Farm"), is an Illinois insurance company licensed to do business in Wyoming and is doing business in the State of Wyoming.

3. As an insurer licensed to do business in Wyoming, Defendant State Farm, its officers, directors, employees and agents, is charged with knowledge of the laws of the State of Wyoming, more particularly those laws pertaining to the business of insurance including statutory, regulatory and common law obligations.

4. Jurisdiction is vested in this Court by diversity through 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00 and is sufficient to invoke the jurisdiction of this Court.

5. The acts or omissions giving rise to the Plaintiff's claims against Defendant occurred in Wyoming. Accordingly, venue is proper in this Court.

### FACTS COMMON TO ALL CAUSES OF ACTION

6. At all times relevant hereto, Plaintiff Khan Howard Johnson, LLC., (hereinafter "Khan"), owned and operated the Howard Johnson Hotel in Gillette, Wyoming.

7. At all times relevant hereto, Khan held a commercial insurance policy, Policy Number 90-BD-Z277-5 issued by State Farm (hereinafter the "Policy") that provides for the replacement cost of all damaged property in the event of a covered loss.

8. The Policy covers losses incurred as a result of hail damage.

9. On July 17, 2019 a large hail storm occurred in Gillette, Wyoming.

10. The tile roof on the Howard Johnson Hotel suffered significant damage as a result of the hail storms, as well as interior flooding and damage to the exterior siding and roof.

11. Khan submitted timely submitted a claim to State Farm.

12. The deductible for this claim is $5,000.00.

13. The Policy states in pertinent part:

    4. **Loss Payment** In the event of loss covered by this policy:

    a. We will give notice, within 30 days after we receive the sworn statement of loss, of our intent to settle the loss according to one of the following methods:

    (1) Pay the value of lost or damaged property as determined in the Valuation Condition shown in the applicable coverage form;

    (2) Pay the cost of replacing or repairing the lost or damaged property, plus any reduction in value of repaired items;

    (3) Take all or any part of the property at an agreed or appraised value; or

    (4) Repair, rebuild or replace the property with other property of like kind and quality.

14. The policy also covers lost business income resulting from the loss.

15. State Farm prepared an estimate of the cost to repair and replace the damaged building and personal property in the amount of $884,410.53.

16. State Farm's loss summary for the damage to the buildings applies depreciation in the amount of $82,088.29.

17. State Farm calculated the total loss to the buildings in the amount of $802,322.23.

18. State Farm calculated the loss of income in the amount of $64,539.00.

19. Khan requested a contractor, Premier Systems, Inc., to calculate the loss. Premier Systems, Inc. calculated the cost to repair and replace the damaged property in the amount of $1,320,237.01. This calculation does not include loss of income.

20. Khan began remediation, repair and remediation work immediately following the hail storm.

21. State Farm paid Khan $474,170.54 on September 30, 2019 for temporary repair and initial water mitigation.

22. State Farm paid Khan $323,151.69 for losses to the interior and mitigation and $59,782.00 for loss of income on March 2, 2020.

23. Khan initiated repairs to the building immediately after the hail event.

24. Before the State Farm payments, Khan incurred significat out of pocket costs to repair the building.

25. Khan has incurred costs to replace and repair the damaged property in the amount of $1,121,610.01 as of August 17, 2020. The hotel repair and replacement is not yet complete.

26. Khan calculated the loss of income in the amount of $291,168.00

27. The difference between the parties in terms of the cost to repair and replace the loss is over $550,000.00.

28. Khan is unable to pay an invoice in the amount of $339,723.93 from Servpro, who provided flood mitigation to the roof and interior of the hotel. Servpro his filed an action in the State District Court to collect payment on the invoice.

29. The owner of Khan has had to take money from his savings account and borrow money from his other businesses in order to pay for the costs of repair and replacement of the damaged property.

30. Khan's loss of income continues to grow as a result of Khan's inability to quickly and efficiently repair and replace the damaged property.

31. The Policy provides in pertinent part:

SECTION I – CONDITIONS
1. Property Loss Conditions
    b. If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraisal. The tow appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request the selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
        (1) Pay its chosen appraiser; and
        (2) Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

32. On September 23, 2020, Khan's representative invoked the appraisal provision in the policy and communicated that to State Farm.

33. State Farm responded that "State Farm is not in a position to accept or reject the appraisal demand," because "the specific items, or points of disagreement, remain to be identified."

34. Khan provided State Farm with the Premier estimate on or around October 24, 2019.

35. State Farm's estimate is dated February 29, 2020.

36. On July 29th, 2020 Khan's owner, Zanfar Khan, submitted to an Examination Under Oath called for by State Farm.

37. Mr. Khan stated under oath that State Farm had not paid enough to cover the losses. State Farm's adjuster did not consider evidence of furniture damage, although Plaintiff did suffer furniture damage.

38. State Farm did not pay for losses to the interior of the property resulting from the hail storm and related flooding to the interior of the hotel.

39. Mr. Khan stated under oath a variety of points of disagreement between Khan and State Farm regarding the calculation and payment of this loss.

40. The Policy requires insureds to submit a proof of loss within 60 days after State Farm requests it. The Policy states that State Farm will supply the insured with the necessary forms.

41. Upon information and belief, State Farm did not send Khan the necessary forms for Khan to provide State Farm with a proof of loss.

42. The Policy provides that "at our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

43. Plaintiff provided State Farm with this information regarding the interior damage on April 11, 2020.

44. Plaintiff is unable to complete repairs to the hotel without sufficient insurance benefits from State Farm.

45. State Farm has not provided the necessary insurance benefits to complete repairs the hotel.

46. Defendant has not adjusted Plaintiff's claim in good faith and fair dealing.

47. Defendant's improper conduct evidenced in the handling of Plaintiff's claim for property damage includes, but is not limited to:

   a. Failing to treat Plaintiff's interests with equal regard as it does its own interests and making its claims handling experience an adversarial process;

   b. Failing to abide by the terms and conditions in the Policy;

   c. Failing to properly consider and analyze Plaintiff's submissions supporting the claim;

   d. Failing to conduct a full and fair investigation of Plaintiff's claims;

   e. Intentionally failing to fulfill the fundamental purpose of insurance coverage;

   f. Intentionally benefiting from the adverse consequences to Plaintiff by Defendant's tactics of delay and denial.

### FIRST CLAIM FOR RELIEF
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING – DENIAL OF BENEFIT

48. Plaintiff realleges each and every allegation previously set forth in this Complaint as if set forth herein in full.

49. A special relationship resulting from unequal bargaining power arises between the parties to an insurance contract.

50. A breach of the duty of good faith and fair dealing rises to the level of a tort in the context of the dealings between the parties to an insurance contract.

51. Plaintiff had a policy of insurance underwritten by State Farm.

52. Plaintiff is an insured under the policy and is entitled to claim benefits directly under the policy.

53. Defendant denied payment of benefits that were owed to Plaintiff under the policy without a reasonable basis for doing so.

54. Defendant acted with the knowledge of, or in reckless disregard of, the absence of a reasonable basis to deny payment of benefits.

55. Defendants' acts and omissions in this regard constitute willful and wanton misconduct.

56. Defendants' conduct caused Plaintiff damages in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
### BREACH OF CONTRACT

57. Plaintiff realleges each and every allegation previously set forth in this Complaint as if set forth herein in full.

58. The Policy is a lawfully enforceable contract between the parties.

59. Defendant unjustifiably failed to timely perform the promises made in the Policy, including, but not limited to, failing to consider the replacement cost of the damaged property for purposes of paying benefits; applying depreciation in its calculation of benefits in violation of the Policy terms; and refusing to engage in an appraisal in contravention of the Policy terms.

60. Plaintiff was damaged as a result of Defendant's breach of the terms of the Policy in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### STATUTORY ATTORNEY'S FEES

61. Plaintiff realleges each and every allegation previously set forth in this Complaint as if set forth herein in full.

62. Defendant violated the provisions of W.S. §26-15-124(c) by unreasonably and without cause refusing the pay the full amount of Plaintiff's claim which are covered by the Policy.

63. As a result, Plaintiff is entitled to reasonable attorney's fees and interest as set forth in W.S. §26-15-124(c).

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays that judgment in an amount sufficient to invoke the jurisdiction of the Court be entered against Defendants under all claims for relief for the following elements of loss and damage:

    a. Present value of all benefits due under the Policy;

    b. Punitive damages in an amount to be proven at trial;

    c. Pre and post-judgment interest;

    d. Reasonable attorney's fees pursuant to W.S. §26-15-124(c) in an amount to be proved at trial;

    f. All other loss and damage caused by Defendant's wrongful denial of benefits which Plaintiff is able to prove at trial.

g.  All loss and damaged caused by Defendant's breach of contract in an amount to be proved at trial.

Dated this 19th day of October, 2020.

KHAN HOWARD JOHNSON, LLC
PLAINTIFF

Jessica Rutzick
Jessica Rutzick & Associates, P.C.
Post Office Box 1867
Wilson, WY 83014
(307) 733-8140
(307) 733-8139 (facsimile)
Bar No. 6-3126

By: _____
Jessica Rutzick